IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KATHLEEN E. O'NEILL LEARY, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:16-cv-43 |
| ) | |
| v. ) | |
| ) | |
| ESTEBAN DELAROSA, JR., et al., ) | |
| ) | By:  Michael F. Urbanski |
| Defendants. ) | United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendants Esteban Delarosa, Jr. and SDR Trucking, LCC's motion to strike, ECF No. 33, and motion for summary judgment, ECF No. 20.[1] Plaintiff Kathleen O'Neill Leary responded to these motions, ECF Nos. 27, 39, and defendants replied, ECF Nos. 34, 40. The court addressed these matters at a hearing on April 6, 2017. For the reasons set forth below, the court will deny defendants' motion for summary judgment and the related motion to strike.

I.

This case is about an auto accident that occurred on December 26, 2012 on Interstate 81 in Frederick County, Virginia. Delarosa, as an employee of SDR Trucking,[2] was driving a

---

[1] The parties have filed other motions that the court will address at a later date. Defendants' motion to exclude plaintiff's expert Anthony Cornetto, III, ECF No. 22, O'Neill Leary's motion for recusal, ECF No. 25, and defendants' motion in limine, ECF No. 49, are each intertwined with plaintiff's yet-to-be filed motion for spoliation sanctions. O'Neill Leary has indicated her intent to file such a spoliation motion, ECF No. 38, at 3, but has not done so to date. The court will take ECF Nos. 22, 25, and 49 under advisement until the issue most common to those motions becomes ripe for adjudication.

[2] SDR Trucking admits that "Delarosa was acting in the course and scope of his employment at the time of the accident." Answer, ECF No. 3, at ¶ 4.

semi-trailer truck that collided with plaintiff O'Neill Leary's suburban utility vehicle ("SUV"). O'Neill Leary alleged injuries and filed suit in Frederick County Circuit Court against Delarosa and SDR Trucking for negligence, claiming $500,000 in damages. Defendants removed this case to federal court on July 19, 2016 under diversity jurisdiction.

At the time of the accident, snow and freezing rain made for slippery roads and poor visibility. O'Neill Leary and Delarosa were travelling northbound on I-81 when O'Neill Leary engaged her brakes and her SUV began to slide. See Pl.'s Dep., ECF No. 46, at 48:3-4 ("I tapped my brakes and my rear tires fishtailed."); Delarosa Dep., ECF No. 44, at 31:5-7 ("[S]he starts to hit the brakes. Then she spins out. She starts to spin."). Delarosa, who was travelling behind O'Neill Leary, "pump[ed the] brakes" to avoid colliding with her SUV. Delarosa Dep., 32:2-10, 35:14. His efforts were unsuccessful and the front of Delarosa's truck collided with the rear of O'Neill Leary's SUV. Delarosa Dep., 37:12-21.

State Police Trooper Joshua Myers attended to the accident and issued citations to both Delarosa and O'Neill Leary. Delarosa received a ticket for following too closely in violation of Virginia Code § 46.2-816, which subjected him to a fine. Va. Code Ann. § 16.1-69.40:1; Rules of the Supreme Court of Virginia 3B:2. Delarosa prepaid the penalty associated with the citation. Com. v. Delarosa, GT13000167-00 (Va. Gen. Dist. finalized Feb. 25, 2013). O'Neill Leary received a ticket for reckless driving in violation of Virginia Code § 46.2-852. She appeared before the Frederick General District Court, which dismissed

her citation by nolle prosequi. Com. v. O'Neill-Leary, GT13000168-00 (Va. Gen. Dist. finalized May 21, 2013).[3]

## II.

Defendants move to strike O'Neill Leary's filings in opposition to summary judgment because she submitted those filings beyond the deadline set forth in the Scheduling Order. ECF No. 33. The Scheduling Order requires opposition briefs to be filed within fourteen days of the date of service of the movant's brief. ECF No. 17 ¶ 8. Defendants filed their motion for summary judgment on February 7, 2017. ECF No. 21. O'Neill Leary filed her response in opposition to summary judgment, ECF No. 27, and supporting brief, ECF No. 28, on March 6, 2017, twelve days past the deadline.[4] These delayed circumstances, defendants assert, "compel the conclusion that Plaintiff's recent filings with this Court be stricken." ECF No, 34, at 6. Defendants further contend that as a consequence of striking O'Neill Leary's opposition to summary judgment, defendants' motion for summary judgment would be unopposed, and therefore, the court must dismiss this action with prejudice. ECF No. 40, at 1.

When a party fails to comply with the court's Scheduling Order, the court may "issue any just orders" to remedy the noncompliance. Fed. R. Civ. P. 16(f). Appropriate sanctions include "prohibiting the disobedient party from ... opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii)

---

[3] Information regarding Delarosa's and O'Neill Leary's citations can be found on the Virginia Courts website at https://eapps.courts.state.va.us/gdcourts/nameSearch.do?fromSidebar=true&formAction=searchLanding&searchDivision=T&searchFipsCode=069&localFipsCode=069.

[4] O'Neill Leary also filed an affidavit in support of her opposition to summary judgment on March 8, fourteen days after the deadline. ECF No. 31.

3

(incorporated by reference in Rule 16(f)). If such sanctions would lead to dismissal with prejudice, then the punishment would be "an extreme sanction" only appropriate in rare circumstances. Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993). In determining whether sanctions are appropriate, the court must consider, inter alia, "(1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, [and] (3) the culpability of the litigant." Jones, 996 F.2d at 264. The decision to impose sanctions is within the trial court's discretion. Bolus v. Fleetwood RV, Inc., 646 F. App'x 316, 317 (4th Cir. 2016), cert. denied, 137 S. Ct. 640 (2017).

In this case, defendants have not articulated any manner in which the untimeliness of O'Neill Leary's filings caused defendants prejudice. Moreover, O'Neill Leary's two week (or so) delay in filing her opposition to summary judgment did not significantly interfere with the judicial process. While O'Neill Leary should have exercised more diligence, the absence of prejudice indicates that her culpability in failing to do so was negligible. Therefore, the court will deny defendants' motion to strike O'Neill Leary's response in opposition to summary judgment and will consider that response in assessing defendants' motion for summary judgment.

### III.

Defendants move for summary judgment under Rule 56, arguing (1) O'Neill Leary's contributory negligence bars plaintiff's recovery; and (2) Delarosa was not negligent in operating his truck as a matter of law. ECF Nos. 20, 21. O'Neill Leary argues in response that multiple questions of fact are in dispute and require resolution by a jury. The court agrees with O'Neill Leary and will deny defendants' motion for summary judgment.

**A.**

Pursuant to Rule 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. Celotex, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. Glynn, 710 F.3d at 213 (citing Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her]

5

favor.'" McAirlaids, Inc. v. Kimberly–Clark Corp., No. 13-2044, 2014 WL 2871492, at *1 (4th Cir. June 25, 2014) (internal alteration omitted) (citing Tolan v. Cotton, 134 S. Ct. 1861, 1863 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." Anderson, 477 U.S. at 255. However, the non-moving party "must set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" Glynn, 710 F.3d at 213 (quoting Anderson, 477 U.S. at 252). Instead, the non-moving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635 (4th Cir. 2005) (quoting Anderson, 477 U.S. at 249). "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." Moss v. Parks Corp., 985 F.2d 736, 738 (4th Cir. 1993) (citing Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 124 (4th Cir. 1990)).

**B.**

In her complaint, O'Neill Leary asserts that Delarosa's negligence in operating his truck caused the accident on December 26, 2012. Compl., ECF No. 1-1, ¶ 6. The parties agree that Delarosa was acting within the scope of his employment with SDR Trucking when the accident occurred. Compl. ¶ 4; Answer ¶ 4. Therefore, if Delarosa is found to be liable for O'Neill Leary's injuries resulting from the accident, such liability will be imputed to SDR trucking under the doctrine of respondeat superior. Because negligence is a state law cause of action, Virginia law governs the substantive issues in this case.

Under Virginia law, a driver of a motor vehicle has a duty to exercise ordinary care, which includes the duty to "keep a proper lookout," to "keep his vehicle under proper control," and to "operate his vehicle at a reasonable speed under the circumstances and traffic conditions then and there existing, regardless of any posted speed limit." Todt v. Shaw, 223 Va. 123, 130 n.1, 286 S.E.2d 211, 215 n.1 (1982). Virginia imposes a pure contributory negligence rule, meaning that "any negligence of a plaintiff which is a proximate cause of the accident will bar a recovery." Litchford v. Hancock, 232 Va. 496, 499, 352 S.E.2d 335, 337 (1987). In other words, if defendants show that O'Neill Leary's contributory negligence proximately caused the accident, her claim must fail even if Delarosa was also negligent. See Jenkins v. Pyles, 269 Va. 383, 388, 611 S.E.2d 404, 407 (2005) (noting that "[c]ontributory negligence is an affirmative defense").

### i. O'Neill Leary's Contributory Negligence

In their motion for summary judgment, defendants ask the court to find O'Neill Leary guilty of contributory negligence as a matter of law. Defendants support their argument with the following assertions:

> In this case, looking first to the plaintiff's own conduct, regardless of her own testimony that she was traveling 35 miles per hour, it is undisputed that she was traveling at a rate of speed in excess of all other vehicles on the roadway on the snowy morning in question. It is undisputed that the conditions were treacherous. It is, likewise, undisputed that [O'Neill] Leary actually passed Delarosa's truck well in excess of his speed, with vehicles ahead of her at the exit already beginning to brake. When [O'Neill] Leary finally noticed the vehicles and slammed on her own brakes, it is finally undisputed that she lost complete control over her own vehicle and began fishtailing before she eventually veered into Delarosa's truck.

7

Def.s' Br. in Supp. of Summ. J., ECF No. 21, at 10. Defendants conclude that "these facts clearly demonstrate [O'Neill] Leary's failure to exercise reasonable care in the operation of her vehicle under Virginia law." Id.

Defendants rather loosely characterize the "undisputed" facts in this case. For example, O'Neill Leary contends that she did not pass Delarosa's truck prior to the accident, Pl.'s Br. in Opp'n to Summ J., ECF No. 28, at 6; Pl.'s Dep., ECF No. 46, at 61:22-23 ("I first saw [the tractor-trailer] when I was on a backboard being put into the emergency squad"), and she certainly does not concede that she passed Delarosa "well in excess of his speed," as stated by defendants, ECF No. 21, at 10.[5] Likewise, O'Neill Leary testified that she "tapped on [her] brakes and [her] rear tires fishtailed," Pl.'s Dep. 48:4, not that she "slammed" her brakes or "lost complete control," ECF No. 21, at 10. As noted, the court may not make credibility determinations or resolve material factual disagreements in ruling on a motion for summary judgment. Anderson, 477 U.S. at 255.

Even if the events surrounding the accident were clear, it is unlikely the court would decide O'Neill Leary's actions constituted contributory negligence as a matter of law. "The issue whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact to be decided by the fact finder." Jenkins, 269 Va. at 389, 611 S.E.2d at 407. This is one of the ordinary cases. The parties have differing views of O'Neill Leary's conduct prior to the accident and disagree as to whether O'Neill Leary was careless in causing the accident. Resolution of those disputes must be undertaken by a jury. Therefore, the court will deny defendants' motion for summary judgment on contributory negligence grounds.

---

[5] While Delarosa testified that plaintiff was "gassing on it" when she "vroom[ed]" by his truck, Delarosa's Dep., ECF No. 44, at 30:21-24, O'Neill Leary disputes this claim.

8

## ii. Delarosa's Negligence

Defendants also ask the court to determine, as a matter of law, that Delarosa was not negligent in operating his truck. Defendants argue that O'Neill Leary's negligence claim is based on "pure speculation" and therefore must fail. ECF No. 21, at 10-11. Defendants also detail the efforts Delarosa took to avoid the collision with O'Neill Leary in an effort to illustrate his lack of negligence in causing the accident. O'Neill Leary contends in response that "under Virginia law, the issue of negligence is normally a matter for the trier of fact." Johnson v. United States, 528 F.2d 489, 491 (4th Cir. 1975).

As defendants note, Virginia law requires "the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover." Hoffner v. Kreh, 227 Va. 48, 53, 313 S.E.2d 656, 658 (1984) (quoting Weddle v. Draper, 204 Va. 319, 322, 130 S.E.2d 462, 465 (1963)). In other words, "[n]egligence cannot be presumed from the mere happening of an accident." Id. at 52, 313 S.E.2d at 658. In Hoffner, a pedestrian was struck and killed on a state highway. His administratrix sued the driver of the car alleging negligence. The Virginia Supreme Court rejected the negligence claim because the plaintiff offered no evidence whatsoever "as to how he became prone in the lane of traffic." Id. at 53, 313 S.E.2d at 659; see also Farren v. Gilbert, 224 Va. 407, 297 S.E.2d 668 (1982) (barring negligence action where the record was "void of any evidence to explain how and why the accident happened"); Doe v. Terry, 273 Va. 3, 10, 639 S.E.2d 197, 201 (2007) (same).

The "why and how" line of cases is inapplicable, however, where there "is no fundamental confusion ... over whether [plaintiff's] evidence is sufficient to show that

9

someone acted negligently." Bundick v. Doe, No. 5:10-CV-123, 2011 WL 2600534, at *5 (W.D. Va. June 29, 2011). Indeed, it is well settled that "the factfinder may draw reasonable inferences from proven facts." Rich v. Commonwealth, 292 Va. 791, 800, 793 S.E.2d 798, 803 (2016). Once the plaintiff describes the basic events surrounding an accident—the "why and how" it occurred—then disputes over remaining facts, breach of duty, and causation do not require the jury to engage in "conjecture, guess or random judgment." See Lovelace v. Urbano, 37 Va. Cir. 114, 1995 WL 17049047, *8 (1995) (despite opposing testimony from expert witnesses as to breach and causation, the record was "replete with evidence of how and why" plaintiff's death occurred).

In this case, O'Neill Leary has clearly satisfied her burden of showing how and why the accident occurred. On December 26, 2012, Delarosa's truck collided with the rear of O'Neill Leary's SUV. After the accident, Trooper Myers attended the scene and investigated the collision. See Myers Decl., ECF No. 34-1, at 2. Trooper Myer's declaration, together with the deposition testimony from both drivers involved in the accident, shows that O'Neill Leary's claim is based on more than speculation and that a jury would not be left to mere conjecture in deciding this case.

In fact, O'Neill Leary presents more than just the how and why the accident took place, she also offers evidence that could lead a reasonable jury to find Delarosa liable for her alleged injuries. Specifically, Trooper Myers issued Delarosa a citation for following too closely in violation of Virginia Code § 46.2-816, suggesting that Delarosa breached his duty of care. Section 46.2-816 prohibits drivers from "follow[ing] another vehicle ... more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the

10

traffic on, and conditions of, the highway at the time." Va Code Ann. § 46.2-816. In addition to serving as the basis for a traffic citation, § 46.2-816 provides the standard of care applicable in negligence actions when a driver is alleged to have followed another vehicle too closely. See Martin v. Isbill, No. 141886, 2015 WL 10990104, at *3 (Va. Dec. 3, 2015); Clifton v. Gregory, 212 Va. 859, 862, 188 S.E.2d 203, 206 (1972).[6]

Moreover, Delarosa prepaid the fine associated with the citation for following too closely. Com. v. Delarosa, GT13000167-00 (Va. Gen. Dist. finalized Feb. 25, 2013). Prepayment of a fine imposed for a traffic infraction in Virginia operates as a plea of guilty and holds "the same force and effect as a judgment of court." Va. Code Ann. § 16.1-69.40:1(B).[7] While Delarosa's prepayment of the fine does not conclusively establish his liability in this case,[8] his judicial admission that he followed O'Neill Leary too closely

---

[6] In Clifton v. Gregory, 212 Va. 859, 188 S.E.2d 203 (1972), the Supreme Court of Virginia addressed the division of responsibility between judges and juries in deciding whether a driver negligently followed another too closely:
> We have construed [§ 46.2-816] as granting a driver the right to follow another vehicle as closely as is reasonable and prudent under the circumstances. What constitutes a reasonable distance must, in each instance, depend upon the particular facts involved. When reasonable minds can differ as to what constitutes a reasonable and prudent distance under the circumstances then the question becomes a jury issue.

Id. at 862, 188 S.E.2d at 206; cf. Johnson, 528 F.2d at 491–92 ("In the rare rear-end collision case, however, undisputed facts may point so unerringly to liability that Virginia courts are permitted to find negligence as a matter of law.").

[7] O'Neill Leary also received a citation for reckless driving; however, that charge was later dropped by nolle prosequi. Com. v. O'Neill-Leary, GT13000168-00 (Va. Gen. Dist. finalized May 21, 2013). A nolle prosequi disposition "terminate[s] the charge[] as if [it] had never existed." Armel v. Com., 28 Va. App. 407, 410 (1998).

[8] As the Virginia Supreme Court noted in Estate of Moses ex rel. Moses v. Sw. Virginia Transit Mgmt. Co., 273 Va. 672, 643 S.E.2d 156 (2007):
> [W]hile the violation of a statute regulating traffic constitutes negligence, it does not necessarily follow that such negligence will as a matter of law [determine a party's liability]. There must be a causal connection between the violation of the statute and the injury, otherwise the violation is immaterial.

11

forecloses summary judgment.[9] As is ordinarily the case, O'Neill Leary's negligence claim must be submitted to a jury. Johnson, 528 F.2d at 491. The court will deny defendants' motion for summary judgment in its entirety.

**IV.**

For the forgoing reasons, the court will deny defendants' motion to strike, ECF No. 33, and deny defendant's motion for summary judgment, ECF No. 20.

An appropriate Order will be entered.

Entered: 06-21-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

Id. at 679, 643 S.E.2d at 160. Therefore, Delarosa will be free to argue at trial that his following too closely offense was not the proximate cause of the accident with O'Neill Leary.
[9] Defendants' argument on the topic of Delarosa's citation is unavailing. They contend that "[a]lthough Delarosa prepaid the ticket rather than take time from his job to fight it, this is insufficient to establish a factual basis for negligence in this case." ECF No. 21, at 12. This argument runs contrary to the standards governing summary judgment, wherein the court must draw all reasonable inferences in the light most favorable to O'Neill Leary. Glynn, 710 F.3d at 213.

12